IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 09-155-1 |
| LUIS COLON | : | |

**OPINION AND ORDER**

**Slomsky, J.**                                                                                             **August 25, 2010**

## I.   INTRODUCTION

On July 26, 2010, Defendant Luis Colon filed a Motion for Release on Conditions.[1] (Doc. No. 48.) Defendant had previously been denied bail and detained on July 26, 2010 by United States Magistrate Judge David R. Strawbridge, and filed the instant motion as an appeal of the Detention Order. On August 2, 2010, the Government filed a response in opposition to Defendant's motion. (Doc. No. 78.) This Court held a hearing on the motion on August 5, 2010. Counsel for Defendant and the Government presented arguments in support of their respective positions, and the Government offered testimony from an Associate Warden at the Philadelphia Federal Detention Center ("FDC"). Taking into consideration the arguments and briefs of Counsel, and the record in this case, the Court will deny Defendant's Motion for Release on

---

[1] Defendant's Motion (Doc. No. 48) also included a Motion for Less Restrictive Confinement, due to Defendant's temporary administrative detention in the Special Housing Unit ("SHU") of the Federal Detention Center. In addition, on August 11, 2010, Defendant filed a Supplemental Memorandum of Law in Support of Motion for Less Restrictive Confinement (Doc. No. 88). However, by letter dated August 12, 2010, the Assistant United States Attorney informed the Court that the Bureau of Prisons ("BOP") "has determined that it is now appropriate for Defendant [] to be assigned to the general population" and that "[t]his assignment shall occur when the next vacancy becomes available." Therefore, this motion is now moot.

1

Conditions.

## II. BACKGROUND

On March 11, 2009, a grand jury returned an indictment (Doc. No. 1) charging Defendant with one count of conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5) and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

On April 28, 2010, the grand jury returned a superseding indictment (Doc. No. 9) charging Defendant in fourteen (14) counts with the following offenses:

(1) Conspiracy to participate in a racketeering (RICO) enterprise in violation of 18 U.S.C. § 1926(d);

(2) Conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (two counts);

(3) Using and carrying a firearm during a violent crime in violation of 18 U.S.C. § 924(c);

(4) Distribution of 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a) (two counts);

(5) Distribution of a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a);

(6) Distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a) (two counts);

(7) Possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a); and

(8) Distribution of controlled substances on public housing authority property in violation of 21 U.S.C. § 860(a) (four counts).

The maximum sentence for these offenses is a mandatory term of imprisonment for life plus five (5) years. (Gov't Mot. and Mem. for Hr'g and Def.'s Pretrial Detention, Doc. No. 24, at p. 5.)

On July 21, 2010, Defendant was arrested and United States Magistrate Judge Henry S. Perkin granted the Government's Motion for Temporary Detention. (See Doc. No. 26.) On July 23, 2010, the Government filed a Motion and Memorandum for Hearing and Defendant's Pretrial Detention. (Doc. No. 24.) On July 26, 2010, United States Magistrate Judge David R. Strawbridge presided over Defendant's arraignment and signed an order stating that Defendant had stipulated to pretrial detention and entered a plea of not guilty. (Doc. No. 49.) On the same day, Defendant filed the Motion for Release on Conditions presently before this Court. (Doc. No. 48.) The Government filed its response in opposition (Doc. No. 78) on August 2, 2010.

On August 5, 2010, the Court held a hearing on the Motion for Release on Conditions. Although Defendant did not call any witnesses, Defense Counsel did indicate that Defendant's father was present in court and was willing to post his home to secure a bond for Defendant's pretrial release. (Hr'g Tr. 5-6.) Defense Counsel stated that there is no dispute that Defendant has a prior record, but he also noted that there is no evidence to "suggest that [Defendant has] ever failed to appear for court before in the local courts in Lehigh County." (Hr'g Tr. 5-6.) Finally, Defense Counsel stated that the mother of Defendant's four children, who was present at the hearing, works a daily twelve-hour shift at a nursing home during which time Defendant, prior to his arrest, was typically home to look after their four minor children. (Hr'g Tr. 6.)

At the hearing, the Government informed the Court that Defendant has two prior felony drug convictions in Lehigh County, Pennsylvania, one in 2006 and one in 2007. (Hr'g Tr. 13.) In addition, in 2009, Defendant pled guilty to driving under the influence of drugs in Lehigh County, Pennsylvania. (Hr'g Tr. 11.) The Government also called one witness at the hearing, Lee Tatum, Associate Warden of the Philadelphia FDC. However, the Warden's testimony

related to the second prong of Defendant's Motion, which is no longer an issue here because it was mooted by the BOP's approval of Defendant's placement in the general population at the FDC.

## III. JURISDICTION

Defendant moves for pretrial release on conditions, which, in essence, is a request for a review of Magistrate Judge Strawbridge's July 26, 2010 detention order. This Court has jurisdiction to review the Magistrate's detention order under 18 U.S.C. § 3145(b). Section 3145(b) "requires this Court to make a *de novo* determination of the findings of fact underlying the detention Order." United States v. Cole, 715 F. Supp. 677, 677 (E.D. Pa. 1998) (citing United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985)).[2]

## IV. LEGAL STANDARD

Detention of federal defendants prior to trial is controlled by the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. Pursuant to 18 U.S.C. § 3142(e)(1), Defendant may be detained pending trial:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

Furthermore:

> Subject to rebuttal by [Defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of the

---

[2] At his appearance before the Magistrate Judge, Defendant reserved his right to raise the pretrial release issue before this Court. (Hr'g Tr. 4.) Therefore, Defendant did not present any evidence to the Magistrate Judge on the issue of detention and did not dispute the entry of the detention order at that time. (Id.; see also Detention Order, Doc. No. 49.)

> community if the judicial officer finds that there is probable cause to believe that [Defendant] committed–
> **(A)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)... [; or]
> **(B)** an offense under section 924(c), 956(a), or 2332b of this title.

Id. at § 3142(e)(3); see also United States v. Strong, 775 F.2d 504, 507 (3d Cir. 1985) (noting that, in enacting 18 U.S.C. § 3142(e), Congress explicitly equated these drug offenses under the Controlled Substances Act with a danger to the safety of the community for purposes of detaining a defendant pending trial).

## V.     DISCUSSION

Defendant is charged in the superceding indictment with ten counts of violating the Controlled Substances Act, 21 U.S.C. §§ 841 and 860. Each offense carries a maximum term of imprisonment of ten years or more. In addition, Defendant is charged in one count with a firearms offense under 18 U.S.C. § 924(c). These are offenses to which the presumption applies that no conditions will reasonably assure the appearance of a defendant at trial or will reasonably assure the safety of the community.

Moreover, the grand jury has determined that there is probable cause to support the charges contained in the superceding indictment. An indictment "is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)." United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986) (noting that although the government always carries the burden of persuasion, the probable cause determination predicated on an indictment merely shifts the burden of producing lack of evidence of dangerousness onto

the defendant); United States v. Levy, No. 08-393, 2008 WL 4978298, *1 (E.D. Pa. Nov. 20, 2008) (based on an indictment defendant is subject to the statutory presumption against bail set forth in 18 U.S.C. § 3142(e)).

The Government has proffered in furtherance of its claim that there is probable cause to believe that Defendant committed the charges listed in 18 U.S.C. § 3142(e)(3)(A) and (B) that the evidence against Defendant will consist of the following: audio and video recordings, surveillance conducted by law enforcement officers, controlled substances and weapons that were seized, cooperating witness testimony, and testimony from an agent of the Federal Bureau of Investigation and police officers who were involved in the arrest of Defendant. (Doc. No. 78 at 3 n.2.) In addition, photographs taken from a video surveillance camera, which depict Defendant handling alleged controlled substances, were attached to the Government's response in opposition to Defendants' Motion for Release on Conditions. (Id. at Exhibits A1–B.) Finally, as conceded by Defendant, he has two felony convictions for drug offenses and a DUI conviction within the past four years. (Hr'g Tr. 5; Gov't Mot. and Mem. for Hr'g and Def.'s Pretrial Detention, Doc. No. 24, at p. 5.)

Based upon the above information, the statutory presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community is applicable in this case. Suppa, 799 F.2d at 119; 18 U.S.C. § 3142(e)(3).

Having found the presumption applicable, the burden shifts to Defendant to rebut this presumption. In determining whether Defendant has rebutted the presumption, factors a court must consider include: (1) the nature and circumstances of the offenses charged, including whether the offenses involve drugs or firearms; (2) the weight of the evidence against Defendant;

6

(3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger to the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g). Rebuttal evidence Defendant may put forward can include "'testimony by co-workers, neighbors, family physician, friends, or other associates concerning the arrestee's character, health, or family situation,' or evidence of steady employment." Levy, 2008 WL 4978298, at *1 (quoting United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986)); see also Suppa, 799 F.2d at 120. Defendant may also proceed by proffer. Suppa, 799 F.2d at 118 (citing Delker, 757 F.2d at 1390) and 18 U.S.C. § 3142(f)). However, no single factor or combination of factors is dispositive. Levy, 2008 WL 4978298, at *1. The ultimate determination on this issue is for the court, "based on all evidence and arguments adduced." Id.

Although Defendant did not present any witnesses at the hearing, he did proffer that he has strong ties to the community, he is a life-long resident of Lehigh County, and he has never traveled outside of the United States. (Def.'s Mot. for Release on Conditions, Doc. No. 48 at p.5.) Defendant also states that he has relatives who live in Bethlehem and Allentown who can supervise him pursuant to 18 U.S.C. § 3142(c)(1)(B)(I).[3] At the August 5, 2010 hearing, Defendant also proffered that his father would offer to post his home to secure a bond for Defendant's pretrial release, and that Defendant was needed to provide child care for his four children while their mother works a twelve-hour shift at a nursing home. (Hr'g Tr. 6.) Finally,

---

[3] 18 U.S.C. § 3142(c)(1)(B)(i) provides, in pertinent part, that a court may subject a defendant to conditions, less restrictive than detention, when the court determines that such less-restrictive conditions will "reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." One such condition would permit a defendant to "remain in the custody of a designated person [e.g., a family member], who agrees to assume supervision and to report any violation of a release condition to the court." Id.

Defendant submits that there is no evidence that he has ever failed to appear for court proceedings before the local courts in Lehigh County. (Hr'g Tr. 6.)

Defendant's proffers do not overcome the statutory presumption applicable here. The crimes with which he is charged involve firearms and quantities of controlled substances, which are specifically listed in 18 U.S.C. § 3142(e)(3)(A) and (B). The Government has provided the Court with photographs showing Defendant handling what is alleged to be controlled substances and has proffered that it has additional evidence to support the charges, including: audio and video recordings, surveillance conducted by law enforcement officers, controlled substances and weapons that were seized, cooperating witness testimony, and testimony from an agent of the Federal Bureau of Investigation and police officers. (Doc. No. 78 at 3 n.2.) Furthermore, Defendant has two prior felony drug convictions and a DUI conviction. Therefore, since all factors lead to the conclusion that Defendant would pose a risk of flight and a risk to the safety of the community if he were released, and the "reasonable assurance" standard has not been rebutted by Defendant, the presumption requires Defendant's detention.

## VI.  CONCLUSION

Based on the nature of the charges contained in the superceding indictment, the weight of the Government's proffered evidence against Defendant, his prior felony drug convictions, and the statutory presumption applicable here, no condition or combination of conditions will reasonably assure the appearance of Defendant at trial and the safety of the community. Accordingly, Defendant's Motion for Release on Conditions will be denied. An appropriate order follows.