IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS A. COLON,<br><br>        Defendant. | CRIMINAL ACTION<br>NO. 09-0155 |

**OPINION**

**Slomsky, J.**                                                                                                                      **April 11, 2014**

## I.   INTRODUCTION

On June 9, 2011, pursuant to a guilty plea agreement (Doc. No. 344), Luis Colon ("Defendant") pled guilty to the following criminal acts: conspiracy to participate in a racketeering (RICO) enterprise, in violation of 18 U.S.C. § 1962(d), stemming from his involvement as leader and "First Crown" of the Almighty Latin Kings and Queens Nation ("ALKQN") (Count 1);  two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Counts 4 and 6);  one count of using and carrying a firearm during a violent crime, in violation of 18 U.S.C. § 924(c) (Count 5);  two counts of distribution of more than fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Counts 13 and 17);  one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 15);  two counts of distribution of more than five grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Counts 26 and 29);  four counts of distribution of controlled substances within one thousand feet of a public housing authority property, in violation of 21 U.S.C. § 860(a) (Counts 14, 18, 27 and 30); and one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 35).  The plea agreement was made

1

pursuant to Fed. R. Crim. P. 11(c)(1)(C) and contained a requested term of imprisonment within the range of 322 to 360 months. (Id. at 2.) On March 14, 2012, Defendant was sentenced to a term of imprisonment of 336 months to be followed by ten years supervised release. (Doc. No. 425 at 3-4.)

On December 27, 2012, Defendant filed a pro se Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. § 2255, alleging six violations of his Sixth Amendment right to effective assistance of counsel. (Doc. No. 499.) He argues that because his counsel's performance fell below prevailing professional norms, he was placed in an unfair bargaining position during plea negotiations with the Government.[1] On September 16, 2013, the Government filed a Response in Opposition to Defendant's Motion. (Doc. No. 508.) On September 30, 2013, Defendant filed a Reply, withdrawing two of his six allegations. (Doc. No. 509.) Upon consideration of Defendant's remaining four allegations, and for the reasons stated below, this Court will deny Defendant's Motion.[2]

---

[1] Although Defendant's plea agreement contained a collateral attack waiver, the waiver does not bar claims of ineffective assistance of counsel during the execution of a plea agreement. (Doc. No. 344 at 8) ("This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived."). "[A] waiver will not bar appeal if the defendant claims his plea agreement was the product of ineffective assistance of counsel." United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001) (citing United States v. Joiner, 183 F.3d 635, 645 (7th Cir. 1999)).

[2] In reviewing this Motion, the Court has considered the Indictment (Doc. No. 9), Defendant's plea agreement (Doc. No. 344), the transcript of Defendant's change of plea hearing (Doc. No. 502), Defendant's Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 499), the Government's Motion to Dismiss Petition Under 28 U.S.C. § 2255 and for Extension of Time (Doc. No. 501), Defendant's Response (Doc. No. 504), the Government's Response in Opposition to Defendant's Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 508), and Defendant's Reply (Doc. No. 509).

## II. BACKGROUND[3]

Defendant served as First Crown and regional officer to a racketeering enterprise known as the Almighty Latin Kings and Queens Nation ("ALKQN").  ALKQN is headquartered in Chicago, Illinois, with state and local chapters throughout the country.  Defendant served as First Crown of the Bethlehem Sun Tribe Chapter located in the Eastern District of Pennsylvania.  He regularly attended meetings of the local chapter where dues were collected, trials were held on violations of tribe rules, and punishments, including beatings and killings, were carried out.

In March 2004, Defendant led fellow Sun Tribe members Nefti Colon, Pedro Velasquez, Oscar Hernandez, Carlos Martinez, and Hector Rivera in a plot to kill rival gang members in New Jersey.  Defendant and his cohorts armed themselves and headed to Philadelphia to conspire with the Philadelphia Latin Kings before traveling to New Jersey to carry out the attack.  After learning of the conspiracy, law enforcement officers arrested Defendant and other members of the Bethlehem and Philadelphia ALKQN chapters en route to the attack.

From November 2007 through January 2008, Defendant and other Sun Tribe members conspired to murder a tribe associate, Big Head Izzy, after he allegedly gave a statement to the police implicating a member of the Sun Tribe in a murder.  The attempted murder of Big Head Izzy was also prevented by law enforcement officers.

On November 29, 2007, Defendant distributed approximately sixty-seven grams of crack cocaine within one thousand feet of Parkridge Housing Development, a housing facility owned by a public housing authority.  This transaction was audio and video recorded.  Later that day, Defendant returned and distributed approximately six grams, seven ounces of methamphetamine.  On December 13, 2007, Defendant distributed approximately fifty-five grams of crack cocaine to

---

[3] The facts concerning Defendant's criminal activity are taken from the change of plea hearing held on June 9, 2011.  (Doc. No. 502 at 62:11-73:5.)  At the hearing, Defendant admitted to these facts.  (Id. at 72:20-73:5.)

a fellow Latin King Member, again within one thousand feet of the Parkridge Housing Development. This transaction was also audio and video recorded.

On March 14, 2008, Defendant and a fellow member of the Sun Tribe sold approximately six grams, seven ounces of methamphetamine to a third tribe member. A few weeks later, on March 28, 2008, Defendant and the same member of the Sun Tribe sold approximately seven grams, two ounces of methamphetamine to a different Sun Tribe member. These transactions were audio and video recorded, and occurred on public housing authority property.

Finally, on May 8, 2008, Defendant paid a fellow gang member six thousand dollars to travel to Las Vegas, Nevada to purchase 1,793 grams (approximately four pounds) of methamphetamine. The gang member traveled to Las Vegas, purchased the methamphetamine, but was arrested before he could supply it to Defendant. Law enforcement officers observed Defendant at the Philadelphia airport when the airplane with his drug conspirator was scheduled to land.

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Pursuant to the Sixth Amendment of the United States Constitution, every accused individual has a right to representation that meets "an objective standard of reasonableness." U.S. Cont. Amend. VI; <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). This right has been interpreted to include effective assistance of counsel during plea negotiations. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). In order to establish a claim for ineffective assistance of counsel, a defendant must show:

> [f]irst . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes

> both showings, it cannot be said that the conviction [or here, plea
> agreement]. . . resulted from a breakdown in the adversary process
> that renders the result unreliable.

Strickland, 466 U.S. at 687. Under the first prong, the defendant bears the burden of identifying which of his counsel's acts or omissions were not the result of "reasonable professional judgment." Id. at 690. When analyzing an attorney's conduct, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Under the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012).

## IV. DEFENDANT FAILS TO ESTABLISH ANY CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Here, Defendant alleges four violations of his Sixth Amendment right to effective assistance of counsel during plea negations with the Government. First, Defendant argues that his counsel should have moved to dismiss four counts relating to crack cocaine distribution. Second, Defendant contends that his counsel was ineffective for failing to object to the application of a four-level enhancement for his role as an alleged "organizer . . . or leader of [ ] criminal activity. . . ." U.S.S.G. § 3B1.1(a)(2013). Third, he argues that his counsel improperly calculated his sentencing guidelines, and this miscalculation caused Defendant to turn down an earlier plea agreement offering a shorter period of incarceration. Finally, Defendant argues that if none of his earlier arguments amount to a claim for ineffective assistance of counsel on their

5

own, the cumulation of his arguments meet the Strickland standard. Each of Defendant's arguments will be discussed seriatim.

> A. **Defense Counsel's Failure to Move to Dismiss Four Counts Relating to Crack Cocaine Distribution Did Not Amount to Ineffective Assistance of Counsel**

Defendant first argues that his attorney should have moved to dismiss Counts 13, 14, 17, and 18 of the Indictment, the counts involving crack cocaine. He argues that failure to move to dismiss these counts gave the Government the "upper hand" in plea negotiations by introducing mandatory minimum and maximum sentences. (Doc. No. 499 at 15.) These counts charge Defendant's distribution of crack cocaine within one thousand feet of a public housing authority property on two separate occasions.[4]

In the Indictment, Counts 13, 14, 17, and 18 refer to the illegal distribution of "a mixture and substance containing a detectable amount of cocaine base ('crack')." (Doc. No. 9 at 38, 39, 42, 43.) For example, Count 13 states:

> On or about November 29, 2007, in Bethlehem, in the Eastern District of Pennsylvania, defendants
>
> LUIS COLON
> a/k/a "King Respect," and
> PEDRO VELASQUEZ,
> a/k/a "King P-Solo,"
>
> knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or more, that is, approximately 67 grams, of <u>a mixture and substance containing a detectable amount of cocaine base ("crack")</u>, a Schedule II controlled substance.
> In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and Title 18, United States Code, Section 2.

---

[4] As mentioned above, on or about November 29, 2007, Defendant distributed approximately sixty-seven grams of crack within one thousand feet of Parkridge Housing Development, a housing facility owned by a public housing authority, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(A) (Count 13) and 21 U.S.C. § 860(a) (Count 14). On or about December 13, 2007, Defendant distributed approximately fifty-five grams of crack to a fellow Latin King Member within one thousand feet of the Parkridge Housing Development, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(A) (Count 17) and 21 U.S.C. § 860(a) (Count 18).

(Doc. No. 9 at 38.)

Defendant argues that the underlined language is insufficient to state an offense. He contends that the Indictment should track certain language of subparagraph (b) of 21 U.S.C. § 841 of the Controlled Substances Act, which is labeled "Penalties." 21 U.S.C. § 841(b).[5] Specifically, Defendant argues that the Indictment should include language from 21 U.S.C. § 841(b)(1)(A)(iii) of the "Penalties" provision, which provides, in pertinent part: "In the case of a violation of subsection (a) of this section involving . . . 280 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . . [a certain sentence shall be imposed]." Clause (ii) in subsection (b)(1)(A) refers to the controlled substance "cocaine." Because cocaine is a substance described in clause (ii), and crack cocaine and cocaine base are modified forms of cocaine, the language in the Indictment conforms to 21 U.S.C. § 841(b)(1)(A)(iii).

Defendant argues, however, that because the charging language in the four counts merges the language in the two subsections, instead of separating them and tracking the different provisions of the statute word-for-word, the four counts in the Indictment are insufficient on their face to charge a federal offense. He is incorrect. The language in the Indictment properly combines the penalty language found in Subparagraph (b) and is wholly consistent with it. For this reason, Defendant's argument is unpersuasive.

Moreover, an indictment "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second,

---

[5] Notably, the offense of distribution of a controlled substance, the unlawful act charged, is found in Subparagraph (a) of 21 U.S.C. § 841, and provides: "[I]t shall be unlawful for any person knowingly or intentionally . . . to distribute . . . a controlled substance . . . ." 21 U.S.C. § 841(a)(1).

enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974) (citing Hagner v. United States, 285 U.S. 427 (1932); United States v. Debrow, 346 U.S. 374 (1953)). Here, the Indictment was sufficient as to each count contained the elements of the offense charged, including Counts 13, 14, 17, and 18. Each count referred to the charging statutes and set forth the basis of the charge. The information included was detailed enough to put Defendant on notice of the charges he would have to defend against. The clarity of the Indictment also enabled him to enter into a plea agreement. Because the Indictment was legally sufficient, defense counsel's failure to move to dismiss Counts 13, 14, 17, or 18 was reasonable under prevailing professional norms. Strickland, 466 U.S. at 686. Defense counsel's representation on this issue was not deficient under Strickland. Accordingly, Defendant's first claim of ineffective assistance of counsel will be denied. Id. at 688.[6]

---

[6] Defendant's first claim for ineffective assistance of counsel ends with a number of conclusory statements about Counts 13, 14, 17, and 18. He claims that they impermissibly charge him with "aiding and abetting himself," that Counts 13 and 17 are "multiplicit counts," that he "unintelligently pled guilty to four invalid drug trafficking offenses in adherence to his attorney's advice," and that "[C]ounts 14 & 18 are predicated on prison terms imposed on Counts 13 & 17 and are imposed twice as sever[e] than those counts." (Doc. No. 499 at 15.) These statements are vague and not supported by law or facts. United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) ("[W]e have previously held that vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."). Although the Court is not required to investigate them further, it is evident from the specific counts and facts that relate to these claims that Defendant was charged with aiding and abetting other defendants, and not just himself. Moreover, it is proper to charge in separate counts distribution of a controlled substance (Counts 13 and 17), and distribution of a controlled substance within one thousand feet of public housing authority property (Counts 14 and 18). The distribution charge is a lesser included offense of the charge of distribution of a controlled substance within one thousand feet of a public housing authority. For this reason, Defendant was only sentenced on Counts 14 and 18 for distribution of a controlled substance within one thousand feet of public housing authority property. (Doc. No. 425 at 3.) For all these reasons, defense counsel was not ineffective in regard to the claims noted in this footnote.

> B. **Defense Counsel's Failure to Object to the Application of a Four-Level Enhancement For Role In The Offense Did Not Amount to Ineffective Assistance of Counsel**

Next, Defendant argues that his counsel was ineffective for not objecting to the inclusion of a certain enhancement in his plea agreement. Defendant agreed to a four-level enhancement under Section 3B1.1(a) of the Sentencing Guidelines in his guilty plea agreement. Section 3B1.1(a) applies an enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a).[7]

There is a factual basis for applying the Section 3B1.1(a) enhancement here, since Defendant was a leader of the ALKQN, an organization that involved five or more participants and was otherwise extensive. In his plea agreement, Defendant admits to his "leadership in the Bethlehem Sun Tribe gang, a chapter of the ALKQN." (Doc. No. 344 at 2.) In addition, during the change of plea hearing, the Government described Defendant's leadership role as First Crown and regional officer of the ALKQN, and his role in all charged crimes, including leading fellow gang members Nefti Colon, Pedro Velasquez, Oscar Hernandez, Carlos Martinez, and Hector Rivera to New Jersey in an attempt to kill rival gang members. (Doc. No. 502 at 65-72.) When he entered his guilty plea, Defendant admitted that the Government's recitation of the facts was accurate. (Id. at 72-73.) Because there is ample factual support for the role in the offense sentence enhancement, defense counsel's failure to object to it was reasonable under prevailing professional norms. Strickland, 466 U.S. at 686. Defense counsel's representation on this issue was not deficient under Strickland, and therefore Defendant's second claim for ineffective assistance of counsel will be denied. Id. at 688.

---

[7] Defendant's argument is confusing in the sense that it seems to be based on a comment to the "use of a firearm" enhancement under U.S.S.G. § 2K2.4, an enhancement which he did not receive and which is therefore irrelevant to the Court's analysis.

9

### C. Defense Counsel's Alleged Improper Calculation of Sentencing Guidelines Did Not Amount to Ineffective Assistance of Counsel

In Defendant's third ineffective assistance of counsel argument, he claims that his counsel improperly calculated his sentencing guidelines, causing him to reject an earlier plea agreement with the Government. On December 8, 2010, at the request of Defendant, defense counsel sent Defendant an outline of his possible guideline exposure. (Doc. No. 499 at 28-30.) Defense counsel noted that the outline was a "summary" and "a very approximate calculation of your Guideline exposure." (Id. at 28.) He also noted that the outline was "not meant as a guide; if you are convicted the probation officer's calculations are likely to be different." (Id.) Defense counsel made clear to Defendant that the outline was only meant to be an estimation. As such, he did not mislead Defendant. Counsel's conduct was reasonable under prevailing professional norms. Strickland, 466 U.S. at 688.

Additionally, defense counsel's conduct did not prejudice Defendant. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Missouri, 132 S. Ct. at 1409. Here, contrary to Defendant's argument, there was no earlier plea agreement submitted by the Government. (Doc. No. 508 at 16-17.) For these reasons, Defendant's third argument is unavailing.

### D. The Cumulative Effect of Defense Counsel's Actions Does Not Amount to Ineffective Assistance of Counsel

Finally, Defendant argues that the cumulative effect of the above arguments amounts to ineffective assistance of counsel. Errors that would not amount to ineffective assistance of counsel individually may amount to ineffective assistance of counsel if the cumulative effect of counsel's errors caused a defendant to suffer actual prejudice during the proceedings. See Brecht

v. Abrahamson, 507 U.S. 619, 637 (1993); Albrecht v. Horn, 485 F.3d 103, 139 (3d Cir. 2007); Whitney v. Horn, 280 F.3d 240, 258–59, n.18 (3d Cir. 2002). The defendant bears the burden of establishing actual prejudice. Marshall v. Hendricks, 307 F. 3d 36, 89 (3d Cir. 2002).

Here, defense counsel's actions did not cause Defendant to suffer actual prejudice. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. First, this Court finds that defense counsel made no "unprofessional errors." Id. But even if defense counsel had employed different tactics, no reasonable probability has been shown that the result would have changed. If defense counsel had moved to dismiss the four counts relating to distribution of crack cocaine, his motion would have been denied because Counts 13, 14, 17, and 18 were sufficient on their face. Similarly, because the evidence supports the enhancement for role in the offense, any objection would have been overruled. Finally, defense counsel's estimation of Defendant's guideline exposure did not cause Defendant to reject an earlier plea agreement, as none was offered by the Government.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. § 2255 will be denied. An appropriate Order follows.